TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00451-CV






Tristina Guidry, Appellant



v.



National Freight, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 95-02062-A, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING 





 Appellant Tristina Guidry appeals the trial court's summary judgment in favor of appellee
National Freight, Inc. ("National"). In two points of error, Guidry asserts the trial court erred by granting
National's motion for summary judgment and severing National from the original group of defendants in
her negligence claim. We will affirm the judgment of the trial court. 


BACKGROUND

 The background facts surrounding this case are known through the confession and
subsequent criminal prosecution of Alberto Jaramillo, a long-haul truck driver employed by National,
whose actions form the basis of Guidry's negligence claim against National. Jaramillo stated in his 1992
employment application for National that he had no criminal record, but National never confirmed
Jaramillo's statement. In fact, Jaramillo had a history of sexual misconduct contained within his military
records, criminal records, and previous employment records. National checked the driving record of
Jaramillo as required by law but never conducted an independent investigation into his non-vehicular
criminal past. National did not obtain verbal or written information on Jaramillo from his last employer. (1) 


 While driving through Austin, around 2:00 a.m. on February 23, 1993, Jaramillo stopped
and parked his National truck at the Internal Revenue Service building in Austin to urinate and stretch his
legs. Leaving his truck in the parking lot, he wandered through an adjacent neighborhood and eventually
into the parking lot of the Timber Ridge III condominiums. Meanwhile, Guidry was returning home from
a University of Texas library. Jaramillo approached Guidry in the parking lot and proceeded to drag her
to an adjoining apartment complex, assault her, and rape her. Jaramillo wore no clothing representative
of a National employee; he was not in the course of hauling or delivering anything to her or the apartment
complex where she lived or was assaulted, and National's truck was not used in the attack. 

 Guidry sued numerous defendants, including National, for personal injury damages resulting
from the sexual assault. She alleged that National was liable for the negligent hiring, supervision, and
retention of Jaramillo. National filed a motion for summary judgment on the grounds that it owed no duty
to Guidry and, in the alternative, that National's actions were not the proximate cause of Guidry's injuries. 
The trial court granted National's motion for summary judgment, severed Guidry's claim against National
from the remaining defendants, and rendered final judgment in favor of National. Guidry appeals.


DISCUSSION

 The standards for reviewing a summary judgment are well established: (1) the movant for
summary judgment has the burden of showing there is no genuine issue of fact and that it is entitled to
summary judgment as a matter of law; (2) in deciding whether there is a disputed fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every inference
must be indulged in favor of the non-movant and any doubts resolved in its favor. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The function of summary judgment is not to
deprive litigants of the right to trial by jury but to eliminate nonmeritorious claims and defenses. See
Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952). Because the district court granted summary
judgment in a general order, we must affirm the judgment if it is supported by either of the legal grounds
presented in National's motion. See State Farm Fire & Cas. Co. v. S. S., 858 S.W.2d 374, 380
(Tex.1993); Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex.1989). We review de novo the
district court's determination that National was entitled to judgment as a matter of law. See Sharp v.
Caterpillar, Inc., 932 S.W.2d 230, 234 (Tex. App.--Austin 1996, writ requested); Capitan Enters.,
Inc. v. Jackson, 903 S.W.2d 772, 775 (Tex. App.--El Paso 1994, writ denied).

 The common law doctrine of negligence consists of three elements: (1) a legal duty owed
by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. 
Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990); El Chico Corp. v. Poole,
732 S.W.2d 306, 311 (Tex. 1987). The threshold issue in a negligence case is whether a duty exists. El
Chico Corp., 732 S.W.2d at 311. Whether a duty exists is a question of law for the court to decide from
the facts surrounding the occurrence in question. Greater Houston Transp. Co., 801 S.W.2d at 525.

 In determining whether the defendant was under a duty, the court will consider several
interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social
utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the
consequences of placing the burden on the defendant. Greater Houston Transp. Co., 801 S.W.2d at
525. The foremost consideration among these factors is the foreseeability of the risk. El Chico Corp.,
732 S.W.2d at 311.

 Guidry's theory of liability requires a finding of negligence in National's hiring, supervision,
or retention of Jaramillo. An employer can be held directly liable for hiring or retaining an incompetent
employee, especially where the occupation at issue could cause hazard to others or requires skilled or
experienced persons. See Restatement (Second) of Torts § 378 (1965). For example, National has a
duty to take steps to prevent injury to the driving public by determining the competency of a job applicant
to drive one of its trucks. (2) See 49 C.F.R. § 391.21 (1996). The purpose of this regulatory duty imposed
upon long-haul commercial carriers, however, is to promote highway safety and prevent motor vehicle
accidents, not to prevent general criminal activity. See 49 C.F.R. § 383.1(a) (1996). Jaramillo's
competency to drive a truck is not at issue here. Guidry seeks to impose a duty requiring National not only
to hire competent drivers, but also to determine whether any prospective or current employees have a
criminal record and presumably refuse to hire or retain anyone who has committed a criminal offense
unrelated to the duties of a long-haul driver or the use of a motor vehicle. Requiring National to conduct
criminal background checks upon all new job applicants, as well as periodic checks upon current
employees, would be an extension of the duty now imposed by federal regulation.

 In arguing to extend National's duty, Guidry relies upon a line of cases imposing a tort duty
upon entities for placing potentially harmful employees in a position to commit torts. See Golden Spread
Council of Boy Scouts v. Akins, 926 S.W.2d 287 (Tex. 1996) (organization held negligent for
recommending scoutmaster amidst rumors of his past sexual deviancy); Porter v. Nemir, 900 S.W.2d 376
(Tex. App.--Austin 1995, no writ) (drug-counseling agency held liable for continued employment of
counselor known to be engaging in sexual relations with clients); Deerings W. Nursing Ctr. v. Scott, 787
S.W.2d 494 (Tex. App.--El Paso 1990, writ denied) (negligence to hire nursing assistant with fifty-six theft
convictions who subsequently attacked eighty-year-old resident). The heightened obligation in these cases,
however, is predicated upon the entity's placing the tortfeasor into a special relationship of trust with a
vulnerable group: a scoutmaster with young boys, a drug counselor with the family of a recovering addict,
a nursing assistant with the elderly and infirm. See Golden Spread Council, 926 S.W.2d at 291-92;
Porter, 900 S.W.2d at 386; Deerings, 787 S.W.2d at 498-99. Liability is imposed when the entity brings
into contact or association with the vulnerable person an individual whom the entity knows or should know
is particularly likely to commit intentional misconduct, under circumstances which afford a peculiar
opportunity or temptation for such misconduct. See Golden Spread Council, 926 S.W.2d at 291;
Restatement (Second) of Torts § 302B, cmt. e (1965).

 In an opinion released this day, this Court addressed the duty of employers to perform
background checks on prospective employees, holding a vacuum manufacturer liable for not warning or
requiring its distributors to check the background of prospective employees when such employees were
required by contract to sell their products within customers' homes. Scott Fetzer Co. v. Read, No. 3-95-544-CV, slip op. at 23 (Tex. App.--Austin May 1, 1997, no writ h.). Our holding in Scott Fetzer is
consistent with the creation of a heightened obligation for employers who, incident to the nature of
employment, create a situation where a peculiar risk of harm is foreseeable.

 The facts of the instant case are distinguishable, however, from Scott Fetzer and other
cases requiring employers to check the backgrounds of potential employees. Before liability will be
imposed, there must be sufficient evidence indicating that the defendant knew or should have known that
a foreseeable harm would eventually befall a victim. Greater Houston Transp. Co., 801 S.W.2d at 526. 
Guidry argues that a proper investigation into Jaramillo's last employment would have revealed his earlier
offense from which National should have perceived the risk of hiring him and the foreseeability of his
injuring her. Jaramillo's employment duties brought him to the city of Austin on the occasion in question,
and National could foresee that he might stop to stretch on his long-haul drive. However, as a truck driver,
Jaramillo should never have come into contact with Guidry in the exercise of his duties as an employee of
National. Consequently, the sexual assault was not foreseeable by National when Jaramillo was hired. See
id. at 526. Furthermore, Guidry is not a member of a vulnerable or specially protected group with whom
Jaramillo could be expected to come into contact during his work; any duty to her must flow from a duty
owed to the general public.

 Although there are no Texas cases directly on point, the Colorado Supreme Court recently
decided a case arising out of similar facts. See Connes v. Molalla Transp. Sys., Inc., 831 P.2d 1316
(Colo. 1992). In Connes, a long-haul truck driver with a criminal history stopped his truck at a hotel during
his route and raped a young woman at knife point. Id. at 1319. The trucking company had a policy
forbidding its drivers from stopping at hotels. Id. at 1318. The victim sued the trucking company for the
negligent hiring of its driver. Id. at 1319. The Colorado court upheld a summary judgment in favor of the
trucking company due to the absence of a duty, stating, "[T]he scope of the employer's duty in exercising
reasonable care in a hiring decision will depend largely on the anticipated degree of contact which the
employee will have with other persons in performing his or her employment duties." Id. at 1321. Although
the trucking company clearly had a duty to the driving public to employ competent drivers, this duty did
not require an independent investigation into employees' non-vehicular criminal backgrounds. See id. at
1323. The trucking company had no reason to foresee that its hiring of the truck driver would create a risk
that he would sexually assault a member of the general public. Id. at 1323. Because the harm was not
foreseeable, the Colorado court held the trucking company had no duty to conduct independent criminal
background checks. Id. at 1323.

 National could not be expected to foresee the risk that Jaramillo would commit a sexual
assault at some point in time while on a trip for his employer. Furthermore, other factors involved in the
determination of whether National owed a duty to Guidry weigh against imposing such a duty. National
operates a lawful business that performs a needed service and, therefore, has social utility. Additionally,
imposing a duty to perform a nationwide criminal background check on all of National's current and
prospective drivers would create a significant administrative burden. Guidry's theory of liability would
impose upon National a continuing duty to check criminal records in all states, military records, and all other
sources of such data to ensure no criminal activity escaped its notice. Under the facts of this case, to
impose an investigative duty on National would be to require an employer to insure the safety of those who
come into contact with an employee by reasons other than his employment. That is a requirement we are
not prepared to impose. Doe v. Boys Clubs, 868 S.W.2d 942, 951 (Tex. App.--Amarillo 1994), aff'd,
907 S.W.2d 472 (Tex. 1995).

 Despite National's apparent failure to follow federal regulations and its own hiring
guidelines, we decline to extend National's duty under these facts beyond that of hiring competent drivers. 
National's obligation with respect to hiring, supervising, and retaining its drivers did not flow to Guidry so
as to impose upon National a duty to protect one in her position from sexual assault by one of its drivers. 
Because National owed no legal duty to Guidry, the trial court did not err in granting summary judgment
in favor of National. We overrule Guidry's first point of error.

 In her second point of error, Guidry asserts the trial court erred by severing her claim
against National from her claims against the remaining defendants. The Texas Rules of Civil Procedure
expressly provide, however, that "any claim against a party may be severed and proceeded with
separately." Tex. R. Civ. P. 41. Furthermore, although the trial court need not sever an interlocutory
summary judgment, it has broad discretion in determining whether severance should be granted. See
Johnson v. J. Hiram Moore, Ltd., 763 S.W.2d 496, 502 (Tex. App.--Austin 1988, writ denied). Where
summary judgment in favor of a single defendant is proper in a case with multiple defendants, severance
of that claim is also proper so that it may be appealed. Cherokee Water Co. v. Forderhause, 641
S.W.2d 522, 526 (Tex. 1982). Having upheld the trial court's summary judgment, we correspondingly
hold the trial court did not abuse its discretion by severing Guidry's claims against National from the
remaining defendants. We overrule Guidry's second point of error.


CONCLUSION

 Having overruled Guidry's two points of error, we affirm the judgment of the trial court.



 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: May 1, 1997

Publish

1. The employer's records reflect that Jaramillo had called to report that he was arrested in Dallas on
September 11, 1991 for public lewdness, assault, and resisting arrest. His truck was parked in Dallas. 
The employer retrieved the truck and suspended Jaramillo, who called a few days later to say he was not
returning to work. 
2. Guidry complains that National violated federal regulations by failing to obtain required information
on Jaramillo's last three years' employment, including the reason for leaving each employer, see 49 C.F.R.
§ 391.21(10), and failing to contact and make a written record with respect to his prior employers and
retain the information in his driver's qualification file. See 49 C.F.R. § 391.23(2)(c) (1996). She further
points out that a person is disqualified from driving a truck who has committed various criminal offenses
including a felony involving the use of a motor vehicle. See 49 C.F.R. § 391.15(a), (c)(2) (1996). 


vehicular criminal backgrounds. See id. at
1323. The trucking company had no reason to foresee that its hiring of the truck driver would create a risk
that he would sexually assault a member of the general public. Id. at 1323. Because the harm was not
foreseeable, the Colorado court held the trucking company had no duty to conduct independent criminal
background checks. Id. at 1323.

 National could not be expected to foresee the risk that Jaramillo would commit a sexual
assault at some point in time while on a trip for his employer. Furthermore, other factors involved in the
determination of whether National owed a duty to Guidry weigh against imposing such a duty. National
operates a lawful business that performs a needed service and, therefore, has social utility. Additionally,
imposing a duty to perform a nationwide criminal background check on all of National's current and
prospective drivers would create a significant administrative burden. Guidry's theory of liability would
impose upon National a continuing duty to check criminal records in all states, military records, and all other
sources of such data to ensure no criminal activity escaped its notice. Under the facts of this case, to
impose an investigative duty on National would be to require an employer to insure the safety of those who
come into contact with an employee by reasons other than his employment. That is a requirement we are
not prepared to impose. Doe v. Boys Clubs, 868 S.W.2d 942, 951 (Tex. App.--Amarillo 1994), aff'd,
907 S.W.2d 472 (Tex. 1995).

 Despite National's apparent failure to follow federal regulations and its own hir